Jasen, J.
(dissenting). I would affirm the order of the Appellate Division which affirmed a decision of the Workmen’s Compensation Board denying claimant death benefits on the ground that there was no causal relation between, decedent’s suicide in February, 1965, and the accident he sustained in August, 1960.
*773 It is settled that the board’s finding of no causal relation will not be disturbed if it is supported by substantial evidence (see Matter of Reinstein v. Mendola, 39 A D 2d 369, affd. 33 N Y 2d 589), and that the weight and credibility of medical testimony is for the board to evaluate (Matter of Kuehnhold v. Yardney Elec. Corp., 22 A D 2d 980, mot. for lv. to app. den. 15 N Y 2d 484).
At the hearing before the Referee, two experts — both practicing neurologists and psychiatrists — testified. Neither had examined or treated the decedent during his life. Both based their opinions on a review of the decedent’s medical record. Both were asked the same hypothetical question.
Dr. Meisel, for the claimant, was of the opinion that decedent’s accidental back injury caused continuing and unremitting pain and increasing disability resulting in psychotic depression and suicide. Dr. Hare, for the self-insured employer, was of the opinion that there was no relationship between the back injury and the suicide. He noted that there were reports in the record indicating that the decedent’s complaints of pain were exaggerated and not consistent with the medical findings.
Faced with this conflicting medical opinion, which was neither incompetent nor incredible as a matter of law, the board chose, to credit Dr. Hare’s opinion and its decision, having support in the record, should not be disturbed.
Order reversed, etc.